UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-296-F

GEORGE V. STOKES, )
        Plaintiff, )
)
v. ) ORDER
)
MARK A. GRAMHAM, M.D., *et al.*, )
        Defendants. )

This matter is before the court the *pro se* Plaintiff's Motion to Seal [DE-6].

On July 26, 2010, the *pro se* Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs [DE-1-1]. On August 4, 2010, the Honorable William A. Webb denied Plaintiff's Application [DE-1-1] and ordered, in accordance with Local Civil Rule 3.2, that Plaintiff had thirty (30) days to pay the requisite filing fee. *See* August 4, 2010 Order [DE-2].

Attached to the Application [DE-1-1] is the Plaintiff's proposed Complaint and a variety of exhibits. The Clerk of Court placed some of these exhibits (DE-1-3; DE-1-4; DE-1-5; DE-1-6; DE-1-7) under temporary seal because some of these documents contain personal identifying information that is required to be redacted pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, such as the Plaintiff's birthdate.

Consequently, the court, in an order filed on August 10, 2010, ordered the Plaintiff to file, on or before September 4, 2010, redacted versions of Exhibit A-1 [DE-1-4], Exhibit B [DE-1-5] and Exhibit C [DE-1-6] that contains only the year of his birthdate. The court warned that if

Plaintiff did not file a properly redacted version of those exhibits by that date, the exhibits [DE-1-4; DE-1-5, and DE-1-6] would be unsealed. The court also noted that each of the exhibits under temporary seal (Exhibit A [DE-1-3], Exhibit A-1 [DE-1-4], Exhibit B [DE-1-5], Exhibit C [DE-1-6], and Exhibit D [DE-1-7]) contain copies of Plaintiff's medical records. The court therefore advised Plaintiff that he sought to keep any of these documents under seal in their entirety (as opposed to having a redacted version on the record), Plaintiff had to file a motion to seal, on or before September 4, 2010 that complies with Rule T(1)(a)(1) of the E.D.N.C. Electronic Case Filing and Administrative Procedures Manual.[1] The court warned that if Plaintiff did not file a motion to seal by that date, Exhibit A [DE-1-3] and Exhibit D [DE-1-7] would be unsealed.

On August 27, 2010, Plaintiff filed a Motion to Seal and redacted versions of Exhibits A1, B, C1, and D. He also filed additional exhibits designated as Exhibits D3, D4, D5, D6, D7, D8, and D9. By filing both redacted versions of Exhibits A1, B, C1, and D, and a motion to seal,

---

[1] Rule T(1)(a)(1) provides the following:
Except for motions filed under seal in accordance with Section T(1)(a)7 of this Policy Manual, each time a party seeks to file under seal, said party shall accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:
(i) the exact document or item, or portions thereof, for which filing under sale is requested;
(ii) how such request to seal overcomes the common law or the First Amendment presumption to access;
(iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;
(iv) the reasons why alternatives to sealing are inadequate; and
(v) whether there is consent to the motion.

**In addition to the motion and the supporting memorandum, the filing party must set out such findings in a proposed order to seal, which should be submitted in accordance with Section M of this Policy Manual.**

it is unclear to the court whether Plaintiff wants to keep his medical records under seal. Out of an abundance of caution for Plaintiff's privacy, the court will construe the motion to seal as applying to all of the medical record exhibits he has filed. The court finds that Plaintiff's interest in his privacy overcomes both the common law and First Amendment presumption to access, and that there is no alternative to sealing the entirety of the medical records exhibits. The motion [DE-6] therefore is ALLOWED, and the Clerk of Court is DIRECTED to maintain the following exhibits under seal: DE-1-3; DE-1-4; DE-1-5; DE-1-6; DE-1-7; DE-7-1; DE-7-2; DE-7-3; DE-7-4; DE-7-5.

SO ORDERED. This the 29th day of September, 2010.

JAMES C. FOX
Senior United States District Judge

3

Case 5:10-mc-00048-F   Document 14   Filed 09/30/10   Page 3 of 3